UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>        Petitioner,<br><br>   v.<br><br>CHRISTIAN PFEIFFER,<br><br>        Respondent. | No. 1:24-cv-0156 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 5)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

      Joshua Davis Bland is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Upon finding the petition was successive, the magistrate judge issued Findings and Recommendations, recommending the petition be dismissed. (Doc. 5.)  Petitioner filed timely objections.  (Doc. 6.)

      According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case.  In his objections, Petitioner contends the magistrate judge incorrectly assumed that Petitioner was proceeding with a habeas petition pursuant to 28 U.S.C. § 2254, when in fact he filed it pursuant to § 2241(c)(3).  Petitioner is incorrect.  He is in state custody challenging the judgment of a state court.  Therefore, Section 2254 applies, and the instant petition is successive.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists

would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on February 7, 2024, (Doc. 5), are **ADOPTED** in full.

    2.    The petition for writ of habeas corpus is **DISMISSED** with prejudice.

    3.    The Clerk of Court is directed to enter judgment and close the case.

    4.    The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 22, 2024**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

3